THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PETRO BANKS and TYRUS GRAYSON**                                             **PLAINTIFFS**

v.                             Case No.: 2:24-cv-00208-LPR

**DANNY GLOVER; ALICE SMITH;
MONROE COUNTY; ROBERT SERIO;
KEVIN GERLACH; GARY GERLACH;
GERLACH FARMING; VERDIE MAE
BANKS; DONALD BANKS; SHELLY
LAWERANCE; CHARLES BANKS; and
UNITED STATES DEPARTMENT OF
AGRICULTURE**                                                                 **DEFENDANTS**

## ORDER

This Order addresses the two pending Motions to Dismiss.[1] The Gerlach Defendants' Motion is held in abeyance because it appears that this Motion (and the accompanying Brief) were not mailed to the *pro se* Plaintiffs. Counsel for the Gerlach Defendants certified only that he served "Plaintiffs *via* [the] *Court's ECF Notification System*."[2] Regardless of whether this technically complies with service rules, the Court believes the better course of action is to have the Gerlach Defendants serve the *pro se* Plaintiffs by mailing each of them a physical copy of the Motion to Dismiss and Brief. Counsel for the Gerlach Defendants must file, within 7 days of the date of this Order, a declaration attesting to such service by mail. The Plaintiffs shall have 14 days from the date of said proof-of-service filing to respond to the Gerlach Defendants' Motion to Dismiss.

---

[1] *See* Gerlach Defs.' Mot. to Dismiss (Doc. 3); Def. Glover's Mot. to Dismiss (Doc. 9). To the extent a dismissal request is embedded in Defendant Serio's Answer (*see* Doc. 6 at 3), the Court does not recognize it as a proper Motion to Dismiss. *See* Local Rule 7.2(e) (explaining that a motion to dismiss "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief").

[2] Ex. A (Mot. to Dismiss) to Br. in Supp. of Mot. to Dismiss (Doc. 3-1) at 2.

Unlike the Gerlach Defendants, Judge Glover did serve his Motion to Dismiss (and the accompanying Brief) on the Plaintiffs by mail.[3]  The Plaintiffs have not responded to the Motion and the time to do so has expired.  Judge Glover's Motion is granted in part.  For the reasons discussed below, the Court dismisses the claims against Judge Glover without prejudice.[4]

First, the Plaintiffs have sued Judge Glover in his official capacity only.[5]  Such a suit—being the equivalent of a suit against the State of Arkansas—is barred by sovereign immunity.[6]  Second, even if the Plaintiffs had brought individual claims against Judge Glover, they have not plausibly alleged enough facts to overcome judicial immunity.[7]  Third, although the operative Complaint sets forth some facts, it mostly deals in legal conclusions.  And, as currently pled in the Complaint, the alleged facts are insufficient to support those legal conclusions—certainly with respect to Judge Glover.  So Judge Glover's Rule 12(b)(6) argument is well-taken.

---

[3] *See* Def. Glover's Mot. to Dismiss (Doc. 9) at 3.

[4] Judge Glover sought a with-prejudice dismissal of all claims against him.  *See id.* at 1.

[5] The Court is aware of the Eighth Circuit's recent *en banc* opinion in *S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025) (en banc).  Even under the "course of proceedings" test set forth in that opinion, the claims against Judge Glover should be considered official-capacity claims.  That is because the Plaintiffs have not opposed Judge Glover's characterization of their claims as official-capacity claims only.  If the Plaintiffs meant to sue Judge Glover in his individual capacity instead of or in addition to his official capacity, they could have said so in a responsive brief.  Their lack of such opposition is notable, especially when combined with the fact that the Complaint does not seek punitive damages against Judge Glover.  *See id.* at 1139–40 (identifying several non-exhaustive factors for the court to consider as part of the "course of proceedings" test).

[6] *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) (citing *Sherman v. Curators of Univ. of Mo.*, 16 F.3d 860, 862 (8th Cir. 1994)) ("The Eleventh Amendment bars private parties from suing a state in federal court.").  As a circuit court judge within the Arkansas Judiciary, Judge Glover is a state official, and the Plaintiffs' official-capacity claims against him are treated as claims against the State of Arkansas.  *See Moore v. Yardely*, 376 F. Supp. 3d 1004, 1008 (D. Neb. 2019) (citing *Tyler v. Kimes*, No. 18CV74, 2018 WL 3057873, *2 (D. Neb. June 20, 2018)); *see also Tisdell v. Crow Wing Cnty.*, No. 13-2531, 2014 WL 1757929, *7 (D. Minn. April 30, 2014).

[7] The Plaintiffs assert that Judge Glover exceeded his jurisdiction by altering an order and judgment after an appellate court affirmed that order and judgment.  *See* Compl. (Doc. 1) ¶ 1.  But the documents attached to the Complaint make clear that Judge Glover's challenged action was taken in a different case than the one affirmed by the appellate court.  *Compare* Ex. A (Court of Appeals Documents) to Compl. (Doc. 1) at 7–9 (denoting the parties as Donald Banks and Petro Banks, and the case number as CV-21-508), *with* Ex. B (Circuit Court Documents) to Compl. (Doc. 1) at 10 (denoting the parties as Verdie Banks, et al and Petro Banks, et al, and the case number as 48CV-23-15).  Whether or not Judge Glover procedurally erred in the second case—even significantly so—he did not act in clear absence of jurisdiction based on the allegations of the Complaint *as it is currently pled*.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Generally, Judge Glover argues that the foregoing deficiencies are impossible to fix. He may well be right, but the Court is not so sure. That is why the dismissal is without prejudice instead of with prejudice. If the Plaintiffs think they can add facts that fix all of the deficiencies noted in this Order, they may try to do so by way of an Amended Complaint.[8] If such amendment successfully fixes all of the deficiencies identified, the Court will then examine Judge Glover's *Rooker-Feldman* argument.

Long story short: (1) the Gerlach Defendants' Motion to Dismiss is held in abeyance; and (2) Judge Glover's Motion to Dismiss is GRANTED IN PART such that the claims against him are dismissed without prejudice.

IT IS SO ORDERED this 29th day of April 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[8] This Order does not in and of itself grant leave for such a filing.